IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                                             ) | |
|            Plaintiff,                              ) | |
|                                                             ) | |
| vs.                                                      ) | NO. CR 05-1097 RB |
|                                                             ) | |
| MARIA INEZ GONZALEZ-DE HERNANDEZ, ) | |
|                                                             ) | |
|            Defendant.                           ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's (Gonzalez's) Motion in Limine and Second Motion in Limine, filed on August 5, 2005, and the Government's Motion to Admit Evidence, filed on August 23, 2005.  A hearing was held on these motions on September 8, 2005 Having considered the submissions, arguments of counsel, and being otherwise fully advised, I find that Gonzalez's Motion in Limine should be denied and the Government's Motion to Admit Evidence should be granted. A ruling on Gonzalez's Second Motion in Limine rule will issue after a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

**Defendant's Motion in Limine and Government's Motion to Admit Evidence.**

Gonzalez moves to exclude evidence that she was a passenger in a truck stopped for carrying illegal aliens on February 20, 2005.  The three aliens found in the bed of the truck were voluntarily returned to Mexico.  Gonzalez was not charged with respect to the February 20, 2005 incident.  In its motion, the Government moves to admit evidence concerning the February 20, 2005 incident under FED. R. EVID. 404(b).

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts," while not admissible

to prove character, is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* The indictment charges Gonzalez with transporting illegal aliens by automobile on March 12, 2005. Due to the time proximity and similarity in circumstances between the prior incident and the charged conduct, the evidence is admissible under Rule 404(b). Gonzalez's motion in limine will be denied. The Government's motion to admit evidence will be granted.

**Defendant's Second Motion in Limine.**

Gonzalez moves to exclude testimony from the material witnesses that they came into contact with a "fat man" in Mexico, that the "fat man" offered to smuggle them into the United States for $1,200.00, and that the "fat man" gave them directions to Deming and instructed them to meet a skinny girl at a car wash. Gonzalez argues that the statements of the "fat man" are hearsay.

Rule 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. FED. R. EVID. 801(d)(2)(E). Co-conspirator statements are admissible even if the conspiracy is not specifically charged. *United States v. Coppola*, 526 F.2d 764, 770 (10th Cir.1975). Co-conspirator statements are admissible if the Court finds by a preponderance of the evidence that: (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

The district court may follow either of two procedures in considering these factual determinations. The court may: (1) hold a *James* hearing outside of the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, i.e., that the Government must prove the existence of the predicate conspiracy through trial testimony or other evidence. *United States v.*

*Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994).  The former procedure is "strongly preferred" in the Tenth Circuit.  *Id.*

The court will hold a *James* hearing prior to trial and issue a ruling on Gonzalez's Second Motion in Limine after such hearing.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**