## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 05-1097 RB |
| | ) | |
| MARIA INEZ GONZALEZ-DE HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Gonzalez's) Second Motion in Limine, filed on August 5, 2005.  A hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), was held on November 7, 2005.  Having considered the proffer of the Government, arguments of counsel, and being otherwise fully advised, I find that Gonzalez's Second Motion in Limine should be denied

On September 9, 2005, Gonzalez was charged by Superseding Indictment with two counts of transporting illegal aliens and conspiracy to transport illegal aliens.  Gonzalez moved to exclude testimony from the material witnesses regarding statements of an uncharged co-conspirator, referenced by the parties and the Court herein as "the fat man."

Rule 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay.  FED. R. EVID. 801(d)(2)(E).  Co-conspirator statements are admissible if the Court finds by a preponderance of the evidence that: (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

At the hearing, Assistant United States Attorney Luis Martinez stated that the material witnesses will testify that they came into contact with the fat man in Palomas, Mexico.  The fat man offered to smuggle the material witnesses into the United States for $1,200.00.  The material witnesses agreed to hire the fat man because he offered the lowest price.  The fat man crossed the border with the material witnesses and guided them on foot towards Deming, New Mexico.

At about the halfway point, the fat man left the material witnesses and turned back because his feet hurt.  The fat man pointed out landmarks and gave the material witnesses directions to Deming.  The fat man instructed the material witnesses that a thin woman would meet them at a restaurant across the street from McDonalds.  After they arrived at the restaurant, Gonzalez approached the material witnesses and said "I am the one the fat man sent you to" [sic].  Gonzalez and the material witnesses were apprehended at an adjacent car wash.

Presuming that the testimony is consistent with the proffer, the Government has proved by a preponderance of the evidence that a conspiracy existed, that the fat man and Gonzalez were both members of the conspiracy, and that the statements were made in the course of and in furtherance of the conspiracy.  The statements of the fat man are not hearsay because they are a statements by a coconspirator of a party during the course and in furtherance of the conspiracy.  FED. R. EVID. 801(d)(2)(E).  Defendant's Second Motion in Limine is denied.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**